4

T. SCOTT BELDEN, CSB NO. 184387
LISA A. HOLDER, CSB NO. 217752
KLEIN, DENATALE, GOLDNER,
  COOPER, ROSENLIEB & KIMBALL, LLP
4550 California Avenue, Second Floor
Bakersfield, California 93309
Telephone: (661) 395-1000
Fax: (661) 326-0418
E-mail: sbelden@kleinlaw.com; lholder@kleinlaw.com

Attorneys for Randell Parker, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re:

ANTONIO GONZALEZ DIAZ and
TERESA DIAZ, individually and dba
HOMES R US REALTY, INC.,

Debtors.

Case No. 09-13463-A-7

Chapter 7

DC No. KDG-7

MOTION FOR ORDER AUTHORIZING TRUSTEE TO SELL REAL PROPERTY (4832 BARBERRY TREE)

Date:   February 24, 2010
Time:   1:30 p.m.
Place:  U.S. Bankruptcy Court
        1300 18th Street, Ste. A
        Bakersfield, California
Judge:  Whitney Rimel

Randell Parker, Chapter 7 Trustee ("Trustee"), respectfully represents:

I. INTRODUCTION

The Trustee requests authority to sell real property in Tarrant County, Texas, owned by Antonio Gonzalez Diaz and Teresa Diaz ("Debtors"). The real property is described by Debtors in their *Schedule A* as "House at 4832 Barberry Tree, Fort Worth, Texas" (the "Real Property"). The Trustee believes that the sale of the real property is in the best interest of Debtors' estate because it will yield approximately $13,700.00 for distribution by the estate based on (1) Debtors' Schedules of Assets and Liabilities, (2) an executed offer to purchase the Real Property obtained by the Trustee, and (3) the order authorizing the Trustee to employ a

real estate broker to sell the Real Property.

## II. JURISDICTION AND AUTHORITY

The Court has jurisdiction under 28 U.S.C. § 1334 and 11 U.S.C. § 363. This is a core matter under 28 U.S.C. § 157(b)(2)(A) & (N).

A trustee, "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). In determining whether to allow a sale, a Bankruptcy Court must determine that the sale is supported by a showing of "good business judgment." *In re Walter*, 83 B.R. 14, 20 (9th Cir. BAP 1988) ); *In re Lionel Corp.* 722 F.2d 1063, 1071 (2nd Cir. 1983). The ultimate decision of whether to authorize a sale pursuant to 363(b) lies within the sound discretion of the Bankruptcy Court. *In re Lionel Corp., supra* at page 1066.

## III. FACTUAL BACKGROUND

Randell Parker is the duly qualified acting Trustee in the Chapter 7 case. Debtors filed for relief under Chapter 7 of the Bankruptcy Code on April 20, 2009.

The assets of this estate include a house located in Fort Worth, Texas. According to Debtors' Schedules of Assets and Liabilities, the property secures a debt owed to Aurora Loan Services, LLC in the amount of $99,000.00. Debtors have not claimed an exemption regarding the Real Property.

The Trustee obtained authority for Award Co. Realtors & Property Managers to market the Real Property by *Order Authorizing the Employment Award Co. Realtors & Property Managers as Property Managers (Nunc Pro Tunc): and Real Estate Broker* filed October 7, 2009. Under the Order, Award Co. Realtors & Property Managers would receive a commission of 3% of the purchase price upon consummation of a sale of the Real Property. Here, the Real Property is sold to buyers not procured by Award Co. Realtors & Property Managers, so Award Co. Realtors & Property Managers would receive a commission of 3%, and the buyer's agent would receive a commission of 3% of the sale price.

The Trustee received an offer from Andrew Hall ("Buyers") to purchase the Real Property for $122,500.00. The Trustee accepted the offer and believes $122,500.00 represents

the fair market value of the property and the best price obtainable under the conditions of Debtors' Chapter 7 case. However, the sale of the Real Property is subject to higher and better bids at the time of the hearing. The Real Property has been marketed by Award Co. Realtors & Property Managers since October 2009.

The Trustee and Buyers executed and entered into a *One to Four Family Resident Contract (Resale)* ("Contract"). A copy of the Contract is filed with the *Exhibits in Support of Motion for Order Authorizing Trustee to Sell Real Property*, concurrently herewith.

Buyers have paid a $1,000.00 deposit, which is in the escrow company's possession. The Trustee contemplates that the sale will close within 30 days after the hearing.

The Trustee believes that the sale of the Real Property to Buyers is in the best interest of the estate because it will yield approximately $13,700.00 to be distributed to creditors. The Trustee's belief regarding the amount to be available to the estate is based on the following calculation:

| | |
|---|---|
| Offer: | $ 122,500.00 |
| Approximate Amount of Secured Claims: | $ 99,000.00 |
| Debtor's Exemption | $ 0.00 |
| Approximate Cost of Sale (8%) | $ 9,800.00 |
| **Approximate Amount to be Paid to Estate:** | **$ 13,700.00** |

In his business judgment, the Trustee believes that sale of the Real Property under the terms described in this Motion is in the best interest of the estate. The sale allows him to liquidate a significant asset of the estate, and to move forward with the administration of the estate.

## IV. CONCLUSION AND PRAYER FOR RELIEF

The Trustee accepted a reasonable offer to purchase the Real Property based on the facts of Debtors' case. The sale will result in approximately $13,700.00 being made available to pay claims. The Trustee represents that the sale is an appropriate exercise of his business judgment and requests court approval.

WHEREFORE, Trustee prays that:

1. the Motion be granted;

2. he be authorized to sell the Real Property to Andrew Hall or nominee ("Buyers") for $122,500.00, subject to higher and better bids at the hearing;

3. he be authorized to pay from escrow liens, closing costs, and broker commissions based on the final sales price;

4. he be authorized to execute all documents necessary to effectuate the sale of the Real Property to Buyers, or to the highest bidder at the hearing;

5. the 14 day stay of order imposed by rule 6004(g) Federal Rules of Bankruptcy Procedure, be waived and not applicable to the order; and

6. for such other relief as the court determines is just and proper.

Dated: January 27, 2010

KLEIN, DeNATALE, GOLDNER, COOPER, ROSENLIEB & KIMBALL, LLP

By _____
T. SCOTT BELDEN
LISA HOLDER, Attorneys for
Randell Parker, Chapter 7 Trustee

00573745.000.DOC    4